

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00394-CR

———————————————————

ROHN M. WEATHERLY, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1380491D

---

Before Sudderth, C.J.; Womack and Wallach, JJ.
Concurring Memorandum Opinion by Chief Justice Sudderth

## CONCURRING MEMORANDUM OPINION

Although I join the majority opinion and agree that it correctly reflects the current status of the law, I write separately to urge the Court of Criminal Appeals to reconsider its characterization of "judicial error" in the context of judgments nunc pro tunc. In my mind, the substantive change made to the judgment here should be considered a "judicial error," notwithstanding that the change was made to comply with the law.

Here, the trial court erred at the outset in its decision to omit the requirement that Weatherly register as a sex offender. Because the requirement to register as a sex offender implicates fundamental rights and liberty interests, the nunc pro tunc judgment adding this requirement involved a substantive change in the judgment. Such a change should not be classified as a correction of a "clerical error" unless the record reflects that the trial court's true decision was to impose this requirement but it was erroneously omitted from the judgment signed.

Later, when the trial judge considered the law and decided to alter the judgment to require that Weatherly register as a sex offender, that was a deliberate act resulting from a judicial decision to follow the law. The test should be whether the change was substantive and whether the court considered the issue and made a judicial determination. If so, then the judgment nunc pro tunc, if signed outside of the trial court's plenary power, should be declared void.

To hold otherwise would allow a trial court to ignore the law and sign erroneous judgments with full knowledge that a defendant's fundamental rights and liberty interests could be later altered dramatically through a judgment nunc pro tunc, with no right provided to the defendant to appeal the change or lodge a challenge to the constitutionality of the law later imposed.[1]  And, to that extent, I agree with the dissent that, under such circumstances, procedural due process rights are violated by denying a defendant a meaningful opportunity to appeal the changes made to the judgment that has been rendered against him.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  January 7, 2021

---

[1]At a minimum, our courts should be allowed to review substantive changes like the one made here despite the case's procedural posture.  "The criminal law should not be a series of traps for the unwary," and correcting the trial court's oversight should not result in a penalty to the unwary defendant. *See United States v. Hussein*, 351 F.3d 9, 13 (1st Cir. 2003).  Thus, when a clerical correction brings an issue of substance to light for the first time, a defendant should be permitted to challenge that issue as he or she would in any other appeal.